{¶ 15} I concur. I write separately to express my concern on the uncertainty of whether the new parole guidelines fulfill the statutory requisites of R.C. Chapter 2967. R.C. 2967.13 provides that a prisoner serving an indefinite term of imprisonment becomes eligible for parole at the expiration of his minimum term. The Parole Guidelines Chart, however, seems to extend the minimum time before parole eligibility as a function of the criminal history/risk score. Thus, in Mr. Moore's case it appears that because of his criminal history and risk of recidivism he will not be eligible in fact for parole for at least twenty years. Nor does the Parole Guidelines Chart seem to be able to factor in R.C. 2967.19
(time off for good behavior) and 2967.193 (earned or awarded days of credit) for those who committed their offenses before July 1, 1996. Nor did the Parole Authority in its motion to dismiss explain fully how and when the Parole Guidelines Chart is used. It is especially unclear how R.C. 2967.19 and 2967.193 are integrated into the process and whether the chart is used before or when the prisoner first becomes eligible for parole. Accordingly, I am not certain that the Parole Guidelines Chart complies with the statutory mandates.
 {¶ 16} On the other hand, it is also not certain that Mr. Moore has established his claim for mandamus. For example, it is not clear from a review of his petition that he is challenging the horizontal in addition to the vertical axis of the Parole Guidelines Chart. Nor is it clear that he is claiming the Parole Board did not grant him good time when it evaluated him. The Parole Authority, moreover, states that it gave him a parole hearing in August 2001, at which time it placed him on the Parole Guidelines Chart. This is consistent with Part D (section 102) of the Guidelines Manual, which provides that the guideline worksheet shall be completed at all initial parole considerations. Thus, it may be that the Parole Authority timely gave Mr. Moore his first parole hearing and, in the exercise of its discretion, concluded that he should not receive parole until he has served twenty years. Additionally, an action for declaratory judgment may be a better tool to resolve these issues. Because Mr. Moore has not clearly established his right to mandamus, I concur in denying the application for an extraordinary writ.